**JUDGE LYNCH**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

      - v -                         :     INFORMATION

ERIC LESAK,                       :     07 Cr. 396

            Defendant.         :

- - - - - - - - - - - - - - - - - x

### COUNT ONE

**(Conspiracy to Commit Securities Fraud)**

The United States Attorney charges:

BACKGROUND

1.  At all times relevant to this Information, ERIC LESAK, the defendant, was in the business of selling securities to the investing public, including the sale of common stock issued by publicly traded corporations and private placement stock purportedly issued by companies pursuant to an exemption from the registration requirement of the Securities Act of 1933 (the "Act") that is available to issuers under Section 4(2) of the Act and Regulation D promulgated thereunder.

2.  From in or about 1994 through and including in or about 2001, ERIC LESAK, the defendant, was licensed by the National Association of Securities Dealers, Inc. ("NASD") to sell securities to the public. LESAK lost his license in or about 2001.

RELEVANT ENTITIES

3.  At all times relevant to this Information, Diplomatic Strategies was a financial public relations firm. At various times, Diplomatic Strategies had offices in New York, NY and Great Neck, NY.

4.  At all times relevant to this Information, Vision Telecommunications was a consulting firm that was partly and indirectly owned by LESAK, and was at various times located in Hempstead, NY or Queens, NY.

THE SCHEME TO DEFRAUD

5.  From in or about 1999 to in or about May 2005, ERIC LESAK, the defendant, sold various securities, which were either publicly traded or were purportedly private placements, while employed by various entities, as listed as follows:

| Date | Employer | Stock Sold |
| --- | --- | --- |
| 1999-2001 | Diplomatic Strategies, New York, NY and Great Neck, NY | Jet Records<br>Cypost Corp.<br>eVideo TV, Inc.<br>Safe Idea, Inc. |
| 2002-2005 | Vision Telecommunications, Hempstead, NY and Queens, NY | Icy Splash Food & Beverage<br>Secureware, Inc.<br>Pinnacle Resources, Inc.<br>Empryean Communications, Inc.<br>Growth Mergers, Inc.<br>Global Data Tek<br>Extraordinary Vacations Group, Inc. |

6. From in or about 1999 to in or about May 2005, ERIC LESAK, the defendant, sold the securities listed above, among others, by means of false and fraudulent representations, including false statements regarding the nature of the business engaged in by the subject companies, and false statements regarding the financial prospects of the subject companies and their stocks.

7. In furtherance of these investment schemes, ERIC LESAK, the defendant, misled his customers regarding the compensation that he was to receive in connection with selling securities to those customers. In particular, LESAK and his coconspirators did not disclose to their customers the extraordinary compensation that LESAK and the coconspirators received for selling the securities to those customers, which consisted of commissions and markups of up to 30 percent or more of the amount of the transactions at issue. This extraordinary compensation was vastly more than the five percent guideline set by the NASD for markups on principal transactions. On other occasions, LESAK claimed that the money he solicited from investors was for the purpose of investing in companies, when he in fact diverted the proceeds for his own use and benefit.

<u>THE CONSPIRACY</u>

8. From in or about 1999, through in or about May 2005, in the Southern District of New York and elsewhere, ERIC

LESAK, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Sections 78j(b) and 78ff of Title 15, United States Code, and Section 240.10b-5 of Title 17, Code of Federal Regulations.

    9. It was a part and object of the conspiracy that ERIC LESAK, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, by the use of the means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, directly and indirectly, would and did use and employ manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person in connection with the purchase and sale of securities, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

Overt Acts

10. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York, and elsewhere:

    a. On or about September 23, 2003, ERIC LESAK, the defendant, while working at Vision Telecommunications, received a wire transfer of approximately $1,000,000 from a victim ("Victim 1") for a purported investment in Growth Mergers, Inc.

    b. In or about the fall of 2003, ERIC LESAK, the defendant, while working at Vision Telecommunications, diverted the $1,000,000 referenced above in subparagraph (a) that LESAK received from Victim 1 for, among other things, his own personal use and benefit.

    c. In or about late 2004 or early 2005, ERIC LESAK, the defendant, while working at Vision Telecommunications, concealed from a second victim ("Victim 2") that LESAK would receive a 30% commission for stock in Extraordinary Vacations Group, Inc. purchased by Victim 2.

(Title 18, United States Code, Section 371.)

## COUNT TWO

**(Securities Fraud- Growth Mergers, Inc.)**

The United States Attorney further charges:

11. The allegations contained in paragraphs 1 through 7, and 10 of the Information are repeated and realleged as if fully set forth herein.

12. In or about the fall of 2003, in the Eastern District of New York and elsewhere, ERIC LESAK, the defendant, unlawfully, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon a person, in connection with the purported sale of common stock of Growth Mergers.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5;
Title 18, United States Code, Section 2.)

**COUNT THREE**

**(Securities Fraud- Extraordinary Vacations Group, Inc.)**

The United States Attorney further charges:

13. The allegations contained in paragraphs 1 through 7, and 10 of the Information are repeated and realleged as if fully set forth herein.

14. In or about 2004 and 2005, in the Eastern District of New York and elsewhere, ERIC LESAK, the defendant, unlawfully, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon a person, in connection with the purported sale of common stock of Extraordinary Vacation Group.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5;

Title 18, United States Code, Section 2.)

FORFEITURE ALLEGATION

15. As a result of committing one or more of the foregoing securities fraud offenses, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; and Title 17, Code of Federal Regulations, Sections 240.10b-5, as alleged in Counts One, Two, and Three of this Information, defendant ERIC LESAK shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense including but not limited to the following: at least $8,493,037 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offense, securities fraud and conspiracy to commit securities fraud.

Substitute Asset Provision

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

   (4) has been substantially diminished in value; or

   (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1343, Title 28, United States Code, Section 2461, Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5).

*[signature]*
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

ERIC LESAK,

Defendant.

**INFORMATION**

07 Cr.

(Title 15, United States Code, Sections 78(j)(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2)

MICHAEL J. GARCIA
United States Attorney.