UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -against-                                        Case No. CR-396(JES)

ERIC LESAK

        Defendant.

_____

PETITION FOR DETERMINATION OF
THIRD PARTY INTERST IN REAL PROPERTY
SUBJECT TO FORFEITURE

Robert S. McCoy, by his counsel, Edward A. Christensen, Esq. petitions this Court to determine that he has an interest in real property subject to forfeiture.

A. BACKGROUND

1. This matter arises out of the scheme and artifice of Eric Lesak ("Lesak"), whereby Lesak fraudulently obtained and used substantial sums of money belonging to Petitioner. As set forth in the affidavit of Mr. McCoy annexed hereto, and the Grand Jury Indictment of Lesak, these transfers resulted in Mr. McCoy losing substantial sums of money.

2. On or about May 8, 2007 Lesak plead guilty to the Indictments, including the forfeiture of his interest in real property referred to as 216 Mill Road, Manorville, New York (the "Real Property").

3. The Real Property is titled in the name of Tara Lesak the wife of Lesak. Tara Lesak purchased the Real Property from two sources. The purchase price of the Real Property was $620,000.00. The purchase price was funded by a mortgage granted to the Berkshire Mortgage Group, Inc. in the sum of $265,000.00. The balance of the purchase price was paid by wire transfer from accounts controlled by Lesak belonging to Mr. McCoy.

4. As a result, the purchase of the real Property can be traced directly from Mr. McCoy's funds which form the basis of the Indictment and subsequent guilty plea by Lesak.

5. New York law recognizes that a Court may look through the structure of a transaction and create an equitable lien against a property. *F.W. Eversley & Co.* v. *East New York Non-Profit HDFC, Inc.*, 384 F.Supp. 91 (S.D.N.Y. 1974).

6. It is respectfully submitted that where as here the very fund forming the basis of the crimes of Lesak, were used to purchase the Real Property, and equitable lien on the Real Property should be imposed in favor of Mr. McCoy the victim of the crime, and that such interest should be superior to the interest of the United States of America.

WHEREFORE, it is respectfully requested that the equitable lien of Petitioner be imposed on the Real Property and that this Court determine that the lien is superior to the interest of the United States of America.

Dated: Oyster Bay, New York
       October 28, 2007

Edward A. Christensen, Esq.
Attorney for Petitioner

Edward A. Christensen (EAC-4607
127 South Street
Suite 2
Oyster Bay, NY 117771
516-624-3178

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,      07CR.356 (JES)

    -against-                AFFIDAVIT

ERIC LESAK,

              Defendant.

---------------------------------------------------------X

ROBERT McCOY, being duly sworn deposes and says:

1. The statements made herein are based upon my own personal knowledge except as to those matters stated to be upon information and belief.

2. This affidavit is submitted in support of my petition establishing my interest in real property known as 216 Mill Road, Manorville, New York (the "Real Property"). I do not have a lien or mortgage secured by the Real Property. However, I am advised that this Court may, relying on real property decisions of Courts of the State of New York, and in the Second Circuit of the United States Court of Appeals, determine that I may nevertheless be entitled to an interest in the real property.

3. The facts relevant to this controversy are set forth in the indictment of Eric Lesak ("Eric"). The indictment of Eric is annexed hereto made a part hereof and is marked as Exhibit A.

4. The facts set forth in the Indictment will not be set forth in detail, and the Court is respectfully directed to that document for a complete recitation of the facts underlying this petition.

5. Briefly, it is uncontroverted that Eric obtained substantial sums of money from me as part of a scheme to commit securities fraud. As a result, I am a victim of the crimes Eric has previously pleaded guilty to as part of his agreement with the United States.

6. Among other acts, Eric, using funds obtained directly from me, transferred substantial funds for the benefit of his wife Tara Lesak ("Tara") to purchase the Real Property.

7. These transfers were accomplished without my knowledge or consent. Eric did not receive any consideration for this transfer.

8. I am advised, that relevant New York Law provides that where there is a transfer of property for no consideration, such a transfer may be determined to be avoidable and that an equitable lien may be imposed on the funds transferred or any property purchased from the funds transferred.

9. Here Eric made specific representations to me that the funds advanced by me to him would be used for investment purposes. That representation by Eric was knowingly false. I personally relied on those representations, and as a result, I have been damaged for in excess of the funds transferred for the benefit of Tara.

10. Under such circumstances, I am advised by my counsel that this Court has the discretion to determine that as a victim of crimes of Eric, I am entitled to assert an equitable interest in the Real Property.

*Robert McCoy*

Sworn to before me this 27th day of October, 2007.

*Notary Public*

HAL R. CRAYNE
Notary Public - State of Florida
My Commission Expires Nov 14, 2010
Commission # DD 614648
Bonded Through National Notary Assn.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

ERIC PETER LESAK

CASE NO.    3:05-cr-
Ct 1-4:     18 U.S.C. §§1343 and 2
Forfeitures: 18 U.S.C. § 981(a)(1)(C) &
            28 U.S.C. § 2461(c)

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE THROUGH FOUR

#### A. Introduction

At times material to this Indictment:

1. ERIC PETER LESAK, the defendant herein, was a resident of the area of New York, New York.

2. The defendant held himself out to be a securities dealer, when, in fact, the defendant had been disbarred by the National Association of Securities Dealers in March 2001.

3. Robert McCoy was a resident of Ponte Vedra Beach, Florida.

#### B. The Scheme and Artifice

4. Between in or around September 23, 2003, and on or about February 22,

2004, at Ponte Vedra Beach, in the Middle District of Florida, and New York, New York, and elsewhere,

### ERIC PETER LESAK

the defendant herein, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises.

### C. Manner and Means

1. It was part of the scheme and artifice that the defendant would and did recommend to Robert McCoy that McCoy invest in the stock of companies.

2. It was further part of the scheme and artifice that the defendant would and did furnish to Robert McCoy written materials promoting the companies, which the defendant then knew to contain false and misleading information about the financial position of the companies.

3. It was further part of the scheme and artifice that the defendant would and did falsely and fraudulently represent to Robert McCoy that the defendant would purchase equity stock in the companies he recommended, for Robert McCoy, if Robert McCoy would wire transfer money to a specific bank account.

4. It was further part of the scheme and artifice that the defendant would and did use the money Robert McCoy had invested with him, by means of wire transfer from McCoy's account to a specific bank account, for the defendant's own personal benefit, and not purchase or obtain stock for Robert McCoy.

## D. Execution of the Scheme

On or about the dates set forth below, at Ponte Vedra Beach, in the Middle District of Florida, and elsewhere, for the purpose of executing the aforesaid scheme and artifice, and for obtaining money by means of materially false and fraudulent pretenses, representations, and promises, the defendant did knowingly transmit, and cause to be transmitted, through interstate commerce, certain signs, signals and sounds, specifically wire transfers, in the dollar amounts and to and from the locations set forth below:

| COUNT | DATE | AMOUNT | FROM | TO |
| --- | --- | --- | --- | --- |
| One | 09/23/03 | $1,000,000 | Wachovia Bank Account No. 9985474451 Ponte Vedra Beach, FL | Roslyn Savings Bank Account No. 56290021851 Jericho, NY |
| Two | 11/17/03 | $143,398.87 | Wachovia Bank Account No. 9985474451 Ponte Vedra Beach, FL | Roslyn Savings Bank Account No. 56290021851 Jericho, NY |
| Three | 02/11/04 | $50,000 | Wachovia Bank Account No. 9985474451 Ponte Vedra Beach, FL | Roslyn Savings Bank / New York Community Bank Account No. 56290021851 Bellmore, NY |
| Four | 02/22/04 | $250,000 | Wachovia Bank Account No. 9985474451 Ponte Vedra Beach, FL | Roslyn Savings Bank / New York Community Bank Account No. 56290021851 Bellmore, NY |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURES

1.  The allegations contained in Counts One through Four of this Indictment

3

are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. From his engagement in the violations alleged in Counts One through Four of this Indictment, punishable by imprisonment for more than one year, the defendant, ERIC PETER LESAK, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of his interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including but not limited to the following:

   a. A sum of money equal to the amount of proceeds obtained as a result of the offenses in violation of 18 U.S.C. § 1343;

   b. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 216 Mill Road, Manorville, Suffolk County, New York, more particularly described as:

       See Schedule A;

   c. 2003 Hummer H2, VIN 5GRGN23U63H3H119492; and

   d. 1996 Range Rover, VIN SALPV1243TA325142.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided

4

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

PAUL I. PEREZ
United States Attorney

By: _____
DALE R. CAMPION
Assistant United States Attorney

By: _____
RONALD T. HENRY
Assistant United States Attorney
Deputy Chief, Jacksonville Division